In re LAKE GRADY ROAD & BRIDGE DISTRICT, Debtor.

ZARAGOSA PROPERTIES, INC., Plaintiff,

v.

Richard L. AKE, Clerk of the Circuit Court of Hillsborough County, Florida; Melvin B. Smith, Tax Collector of Hillsborough County, Florida; Hillsborough County, Florida; and Lake Grady Road & Bridge District, Defendants.

Bankruptcy No. 87–1590–8P9.
Adv. No. 90–349.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 26, 1990.

Larry M. Foyle, Tampa, Fla., for plaintiff.

Robin S. Trupp, Tampa, Fla., for debtor.

ORDER ON MOTION TO DISMISS OR ABSTAIN WITH PROPOSED REPORT AND RECOMMENDATIONS PURSUANT TO BANKRUPTCY RULE 5011

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 9 case filed by Lake Grady Road & Bridge District (Debtor). The matter under consideration is a Motion To Dismiss or, in the Alternative, To Abstain filed by the Debtor, one of the defendants in this adversary proceeding. The Debtor seeks dismissal of the four-count Complaint filed by Zaragosa Properties, Inc. (Zaragosa), against the Debtor, Richard L. Ake, Clerk of the Circuit Court of Hillsborough County, Florida (Clerk); Melvin B. Smith, Tax Collector of Hillsborough County, Florida (Tax Collector); and Hillsborough County, Florida (Hillsborough County).

In order to put the issues raised by the Motion under consideration in focus, it should be helpful to briefly identify the parties involved in this adversary proceeding and their respective roles in this Chapter 9 case.

Lake Grady Road & Bridge District (Debtor) is a statutorily established special tax district created under the applicable provisions of Chapter 336, Florida Statutes (1973). The enabling Act authorized the Debtor to sell revenue bonds to the public and service the bonded indebtedness by levying special taxes on the property owners residing within the taxing district of the Debtor. In due course, the Debtor filed its Plan of Reorganization. Pursuant to the Plan and the Contract for Sale (Contract) entered into between the Debtor and Zaragosa, Shadow Run, which appears to be a trade name for Zaragosa, was to furnish all funds necessary to consummate the Plan of Reorganization, to wit, $215,000, and in exchange, the Debtor would convey all its assets, less payment of professional fees, costs of administration and all expenses of operation, to Shadow Run free and clear of all liens, encumbrances, claims or interests of creditors.

The Plan does not specify the assets which were to be transferred to Shadow Run; however, it appears that the assets include (1) the remaining cash on hand after paying operating expenses, (2) all outstanding tax certificates held by the Debtor, representing unpaid taxes by homeowners, and (3) an assignment of all causes of action with respect to construction of a dam located within the Debtor's boundaries or any improvements, including, but not limited to, causes of action based on breach of contract, breach of warranty, or negligence to the extent these causes of action are transferrable under the general principles of law or under the Bankruptcy Code. The Contract further provides that in addition to payment of the $215,000, Zaragosa is to provide a maintenance bond for the dam located within the Debtor's special tax

district pending the dam's acceptance by Hillsborough County, or, in the alternative, procure Hillsborough County's acceptance of the dam. The Plan was ultimately confirmed.

The present controversy presented by the Complaint stems from the alleged failure of the Debtor to fulfill its obligations under the confirmed Plan. The Complaint filed by Zaragosa alleges in Count I that these Defendants have violated the automatic stay imposed by 11 U.S.C. §§ 362 and 922 of the Bankruptcy Code by issuing tax deeds free and clear of liens—including certain tax liens of the Debtor, which are to be transferred to Zaragosa—and as a result, cancelling the Debtor's tax liens which is a violation of the confirmed Plan. Therefore, Zaragosa alleges these actions are void. The claim in Count II, which is also against the Tax Collector or, alternatively, against the Clerk, seeks a determination by this Court that pursuant to *Fla.Stat.* § 197.552, the Debtor enjoys tax exemptions by virtue of its status as a municipal or governmental unit and, therefore, any efforts by the Tax Collector or Clerk to cancel the Debtor's tax liens on certain parcels of real property located within the taxing district by issuing tax deeds should be prohibited.

The claim in Count III, addressed against the Debtor, alleges that the Debtor has failed to perform its obligations under a contract entered into with Zaragosa for the sale of all of the Debtor's assets. This Count basically seeks an Order first declaring that Zaragosa has rights as successor in interest to the Debtor and second, compelling the Debtor to perform its obligations under the contract with Zaragosa. Finally, the claim in Count IV seeks a mandatory injunction directing Hillsborough County to recognize the lien rights of the Debtor and that the Debtor's tax liens shall be carried over and placed on any tax deeds issued to Hillsborough County, or, in the alternative, that the tax deeds be removed of record and the tax liens of the Debtor now claimed by Zaragosa be restored.

The Motion under consideration filed by the Debtor alleges first that the issues raised in the Complaint do not arise in a core proceeding as that term is defined by 28 U.S.C. § 157(b)(1), and this Court is without jurisdiction to enter a final dispositive judgment; second, that it would be in the interest of justice and comity with the state courts for this Court to abstain from hearing this matter, which the Debtor contends is a traditional contract action arising under state law and, therefore, pursuant to 28 U.S.C. § 1334(c)(1), it is an appropriate proceeding for abstention. The Debtor also contends that this Court lacks jurisdiction over this adversary proceeding as the Debtor's Plan has been confirmed and has been substantially consummated, and since the Order of Confirmation did not reserve jurisdiction for this Court to consider disputes which may arise between the Debtor and the party funding the Plan, that is, Zaragosa, its Motion To Dismiss should be granted. Finally, the Debtor contends that in any event, Zaragosa lacks standing to bring this action.

Neither the Tax Collector nor the Clerk of the Court filed an answer to the Complaint and although the time to file an answer has already expired, Zaragosa has yet to file a motion for default and the entry of final judgment by default against these Defendants. In light of the foregoing, the Motion will be considered only as it relates to the counts of the Complaint asserted against the Debtor.

■ At first blush, the claim set forth in Count III is a claim to compel specific performance of a contract which generally would be governed by state law. Thus, viewing the claim in a vacuum, the Debtor is correct in its contention that an action for damages for breach of contract or for specific performance is a non-core proceeding, and it is the very type of action which has been found by the Supreme Court to be outside the jurisdiction of the bankruptcy court. *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). However, this is an oversimplification of the matter under consideration and the

proposition does not bear a close analysis. This is so because this is not a contract entered into by the Debtor prepetition. It is a contract entered into by a debtor during the pendency of the Chapter 9 case and thus, disputes regarding the contract are core proceedings. *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.1990); *In re Arnold Print Works, Inc.*, 815 F.2d 165 (1st Cir. 1987). The contract is the essential, inextricable part of the entire reorganization process in that it is the very basis on which this Court found that the Plan submitted by the Debtor was feasible. Thus, it is obvious that the performance of this contract is indispensable and essential to the successful consummation of the confirmed Plan and the orderly conclusion of this Chapter 9 case. In the present instance, a third party agreed to fund a plan of reorganization, in exchange for receiving the assets of a debtor. It is without dispute that Zaragosa lived up to its bargain and paid $215,000.00 which was in fact used to fund the Plan. The Debtor's contention that this is not a core matter flies directly in the face of 28 U.S.C. § 157(b)(2) which provides that this Court has exclusive jurisdiction over matters concerning the administration of the estate, 28 U.S.C. § 157(b)(2)(A), and other proceedings affecting the liquidation of the assets of the estate. 28 U.S.C. § 157(b)(2)(O).

■ In addition, this Court has the power to consider this Complaint pursuant to § 105 of the Bankruptcy Code, which is applicable to Chapter 9 and which grants this Court the power to enter such orders or judgments as are necessary or appropriate to carry out the provisions of Title 11. Therefore, it is clear that this Court has the power to enter such orders as are necessary to implement a confirmed plan, notwithstanding § 904 of the Code which limits the jurisdiction and power of this Court unless the debtor consents or the plan so provides.

In this instance, there is hardly any doubt that the confirmed Plan provides and sets forth the method of implementing the Plan and expressly reserves the jurisdiction to issue such orders as may be necessary for the administration and/or consummation of this Plan. The Order of Confirmation specifically provides that the Court shall retain broad jurisdiction "to hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of this Plan", "to issue such orders as may be necessary for the administration and/or consummation of this Plan", and "to hear and determine all questions and disputes regarding construction of this Order or the Plan and regarding title to the assets of the estate, and to determine all controversies, disputes, conflicts or causes of action, whether or not subject to an action pending as of the confirmation date, between or among any party in interest."

■ The attempt of the Debtor to bifurcate and isolate the obligation of Zaragosa from the corresponding obligation of the Debtor under the contract and the confirmed Plan is not only patently unfair, but totally contrary to what the confirmed Plan provides. This being the case, this Court is satisfied that neither the Motion To Dismiss nor the Motion To Abstain is appropriate. Concerning this last matter, however, this Court will not dispose of the question of abstention, but will, in compliance with Bankruptcy Rule 5011, merely recommend to the District Court to accept these findings and conclusions and recommendations.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Dismiss be, and the same is hereby, denied, and the Debtor shall have fifteen (15) days from the date of the entry of this Order to file an answer to the Complaint. It is further

ORDERED, ADJUDGED AND DECREED that pursuant to Bankruptcy Rule 5011(b), the Clerk of this Court shall forthwith serve a copy of this Order on all parties to this adversary proceeding and transmit a copy of this Order to the District Court for its consideration. It is further

ORDERED, ADJUDGED AND DECREED that any parties in interest shall have ten (10) days after being served with this Order to file and serve an objection to

the proposed findings and recommendations on the Motion To Abstain pursuant to the provisions of Bankruptcy Rule 9033(b).

DONE AND ORDERED.